VERNON N. GREEN, ESQ. Town Attorney, Moreau
We acknowledge receipt of your letter inquiring whether the superintendent of the department of public works of the Village of South Glens Falls may run for election to and, if elected, may assume the duties of the office of town councilman of the Town of Moreau in which town the Village of South Glens Falls lies. You do not say in your letter whether the superintendent is a village officer or an employee. The former Village Law § 4-404, subdivision 2, paragraph b, authorized villages to have an officer known as a superintendent of public works. The present Village Law § 3-301, subdivision 1, requires each village to have certain officers and subdivision 2 authorizes a village to have certain specified additional officers and "such other officers * * * as the board of trustees shall determine." The present Village Law does not mention the specific office of superintendent of public works but if that office had previously been created in your village, it would continue until discontinued by action of the board of trustees. We assume for the purposes of the opinion request that the position in question is the office of superintendent of public works and that it was created under the provisions of the Village Law as in effect on the date the office was created.
We enclose herewith for your examination a copy of a 1949 Op Atty Gen (Inf.) 95 in which we concluded that a town supervisor could simultaneously hold the office of street commissioner of a village in the same town. In connection with your inquiry, we see no difference between the function of town supervisor and town councilman and no difference between village superintendent of public works and street commissioner. We also enclose for your convenience a copy of an opinion reported in 24 Compt. 906 in which no incompatability was found between the offices of town councilman and village superintendent of public works.
Village Law, § 3-300, subd. 4, provides as follows:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
From this it will be seen that authority exists for such dual office holding unless there is a specific statutory bar, and we find none, or unless there is a common law incompatability between the two offices.
In our opinion, there is no conflict of interest per se between the two offices of town councilman and village superintendent of public works in a village contained within that town; there may be occasions when in contemplation of an agreement between the town and village under General Municipal Law §§ § 119-m, 119-n and 119-o, relating to the function of the superintendent of public works, the superintendent might find himself in a position of having to act in his capacity of town councilman in relation to the agreement. If the terms of any such proposed agreement were subject to negotiation rather than being merely routine, the officer would have to disqualify himself from acting in connection therewith.